UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RICHARD HENRY MULLINS | ) | |
| | ) | |
| v. | ) | NO. 3:05-CV-07 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

# **MEMORANDUM OPINION**

The plaintiff Richard Henry Mullins has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Mullins was born in 1963 and was 38 years old at the time of his administrative hearing on remand. [Tr. 772, 1135]. He completed ninth grade and has relevant past work experience as a window constructor and installation worker. [Tr. 658]. Mr. Mullins alleged he was disabled as of December 1989 and was awarded disability insurance benefits pursuant to substance abuse in March 1992. [Tr. 86-87]. In August 1995, a periodic disability review found that he continued to be disabled, although substance abuse was no longer material to the disability. [Tr.

162, 165]. In December 1998, substance abuse was found anew to be material to his disability and, based upon 42 U.S.C. § 423(d)(2)(C) (enacted in 1996), his disability insurance benefits were terminated. [Tr. 331-34]. Following a remand from this court, the termination of Mr. Mullins' benefits was upheld by an Administrative Law Judge [ALJ] because the ALJ determined that but for Mr. Mullins' substance abuse, he could perform medium work with moderate limitations. [Tr. 659].

At Mr. Mullins' administrative hearing held on July 2, 2002, the testimony of Mr. Mullins and vocational expert Michael Galloway was received into evidence. [Tr. 1135-54]. Mr. Mullins testified he continued to have memory problems, racing thoughts, feelings of paranoia, difficulty sleeping, mood swings, depression, suicide attempts, shortness of breath, aching eyes, and seizures. [Tr. 1135-38, 1143]. He testified he last worked as a grocery cart repairer in 2000. [Tr. 1145].

The vocational expert testified next. [Tr. 1151-53]. Mr. Galloway characterized Mr. Mullins' last employment as unskilled. [Tr. 1152]. However, Mr. Galloway was unable to provide accurate numbers of how many of those positions might be available in the region. [Tr. 1153].

The ALJ ruled that Mr. Mullins was not disabled because, but for his abuse of alcohol and drugs, Mr. Mullins did not have an impairment or combination of impairments that met or equaled the Regulations. [Tr. 659]. The ALJ then found that

2

Mr. Mullins retained the residual functional capacity [RFC] to perform medium exertional work while avoiding working in exposure to heights, hazards, or moving machinery and with only moderate limitations in his mental abilities. [Tr. 661-62]. With these restrictions, Mr. Mullins could not return to his past relevant work, but the ALJ found that he could work as a landscape worker, farm laborer, stock handler/bagger, kitchen worker, factory laborer, grader/sorter, and fast food worker. [Tr. 663].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Mullins requests summary judgment and primarily challenges the ALJ's decision that "but for" drug and alcohol abuse, Mr. Mullins would not be disabled.

3

If an ALJ finds someone who has a drug addiction or alcoholism to be disabled, the ALJ must make a determination of whether the drug addiction or alcoholism is a contributing factor material to the disability determination. 42 U.S.C. § 423 (d)(2)(C). If such a person would not be disabled if he or she stopped abusing drugs or alcohol, an ALJ cannot find that person disabled for purposes of disability benefits eligibility. [*Id*.]. As mentioned above, the ALJ found that but for Mr. Mullins' drug and alcohol abuse, he was not disabled. [Tr. 659]. To support this finding, the ALJ noted that Mr. Mullins was able to work as a grocery cart repairer in 2000 for three months, and this reflected "his overall ability to work at the substantial gainful activity level." [Tr. 659]. Evidence from Mr. Mullins' previous administrative hearing that he drank alcohol and smoked marijuana every day despite physician orders to quit was also referenced. [Tr. 660]. The ALJ discounted Mr. Mullins' claims that he was non-compliant with taking prescribed medication because he did not have money with which to buy them. [*Id*.]. The ALJ noted that if Mr. Mullins had the money to fund his alcohol and drug habit, he also had money to buy medication. [*Id*.]. Also, the ALJ discussed Mr. Mullins' non-compliance with attending scheduled doctor appointments and counseling appointments.[1] [*Id*.]. In addition, medical experts have

---

[1] Such non-compliance on its own can rule out a finding of disability. 20 CFR §§ 404.1530, 416.930.

4

never opined that Mr. Mullins is unable to perform any level of exertion. [Tr. 661]. Based on the above reasons, the ALJ's decision that but for Mr. Mullins' alcohol and drug abuse he would not be disabled was based on substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Mr. Mullins' motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

       ENTER:

                                    s/Thomas Gray Hull
                                    THOMAS GRAY HULL
                                        SENIOR U. S. DISTRICT JUDGE